IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO PROUSE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00728-ALM-CAN |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* Plaintiff Carlos Antonio Prouse's ("Prouse") Motion for Return of Property [Dkts. 1; 4]. After considering the Motion, the Government's Responses, and all other relevant filings, the Court recommends the Motion for Return of Property be **DENIED**.

**BACKGROUND**

On September 20, 2021, Prouse initiated the instant cause, via letter, requesting return of his personal property [Dkt. 1]. Prouse requests the items be returned to his sister and provides her contact information. On October 4, 2021, Prouse filed a more formal Motion for Return of Property [Dkt. 4], outlining again those items he alleges were seized by the Drug Enforcement Agency ("DEA") but not yet returned, specifically:

1. Wallet
2. ID from Arizona
3. ID from Minnesota
4. ID from my job - PRIVATE SECURITY E PIRE
5. Husband ID from Texas
6. And other items I had in my wallet
7. Other thing taken from my car.

[Dkt. 4 at 1]. The Court ordered the Government to file a response [Dkts. 5, 6, 10]. On June 17, 2022, the Government filed a Response [Dkt. 9], and on June 30, 2022, a Supplemental Response

[Dkt. 11, Sealed]. The Government's Supplemental Response argues that, although Prouse was prosecuted in the Eastern District of Texas, this Court lacks jurisdiction to consider his Motion for Return of Property because no property was seized from Prouse in the Eastern District of Texas [Dkt. 11 at 2-3, Sealed].

## ANALYSIS

"When criminal proceedings have concluded, courts treat a motion for the return of property as a civil suit invoking the courts' general equity jurisdiction under 28 U.S.C. § 1331." *United States v. Bacon*, 546 F. App'x 496, 499 (5th Cir. 2013); *see also Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *United States v. Robinson*, 434 F.3d 357, 361 (5th Cir. 2005); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Federal Rule of Criminal Procedure 41(g) provides that a movant may request return of property by filing a motion in the district where the property was seized:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. *The motion must be filed in the district where the property was seized.* The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g) (emphasis added); *see Montes v. United States*, No. 4:14-CV-257, 2015 WL 1246252, at *3 (E.D. Tex. Mar. 16, 2015); *Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 n.1 (5th Cir. 1993) ("A person aggrieved by an unlawful search and seizure or by the deprivation of property may move *the district court for the district in which the property was seized* for the return of the property on the ground that such person is entitled to lawful possession of the property.") (emphasis added).

Though Prouse was prosecuted in this, the Eastern District of Texas, the Government represents no seizures and no property was taken from Prouse in this district. Rather, Prouse's Final PSR reflects he was stopped by law enforcement in Brandon, Mississippi and arrested in Rankin County, Mississippi on April 25, 2018. After indictment in the Eastern District of Texas, he was arrested a second time on the federal indictment warrant on November 28, 2019, in El Paso, Texas [Dkt. 11 at 2-3, Sealed]. Thus, to the extent DEA seized any property from Prouse upon arrest, it would have been in one of these two locations. Rule 41 explicitly states that a motion for return of seized property "must be filed in the district where the property was seized." Because Prouse's personal property, if any, was seized either in the Western District of Texas or the Southern District of Mississippi, the Motion for Return of Property [Dkts. 1; 4] should be denied as improperly filed in this district. *See Montes*, 2015 WL 1246252, at *3; *see also Scully*, 2013 WL 3338593, at *2; *Industrias Cardoen*, 983 F.2d at 51 n.1.[1] This Court has no authority to order the return of any of the requested items.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends Plaintiff Carlos Antonio Prouse's *pro se* Motion for Return of Property [Dkts. 1; 4] be **DENIED**, and this cause be dismissed without prejudice subject to refiling in the proper venue.

---

[1] The Court does not reach the merits of Prouse's request given that it was improperly filed before this Court. *See United States v. Vincent*, No. CRIM.A. 11-107, 2012 WL 1978038, at *3 (E.D. La. June 1, 2012) (denying the motion on the grounds "the motion is improperly before this Court. The instant motion was filed in the Eastern District of Louisiana, which is not where the funds were seized. Therefore, this Court has no authority to return the funds under Federal Rule of Criminal Procedure 41(g) and need not consider whether Movants have carried their burden to show that they are entitled to lawful possession of the funds"). Nevertheless, the Court notes the Government has repeatedly advised it has investigated the whereabouts of Prouse's property and has been informed by DEA that it does not have any of Prouse's property [Dkt. 11, Sealed].

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 2nd day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE